JIM VECERA v. THE STATE.

No. 12865.   Delivered December 4, 1929.

The opinion states the case.

*Arrington & Johnson,* of Mineral Wells, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor, punishment being one year in the penitentiary.

The indictment contained two counts.   The first charged a sale of intoxicating liquor to one Craig; the second charged possession of intoxicating liquor for the purpose of sale.   No evidence whatever was offered by appellant.   In submitting the case to the jury the court withdrew the second count from their consideration.

The facts briefly stated are as follows:   Craig and Fennigan were Federal prohibition officers.   In company with one Sanders they went to appellant's residence about nine forty-five o'clock at night.   Besides appellant there were present his son, Joe Vecera, and some other members of appellant's family.   Craig asked appellant if he had any liquor, to which he replied, "peppermint and banana

whiskey." Craig chose the peppermint. Joe Vecera left the room and presently returned with a pint of whiskey and delivered it to Craig who gave Joe a dollar and a half for it and Joe in turn handed the money over to appellant. After Craig, Fennigan and Sanders had taken a drink Joe brought in a pint of banana whiskey and Craig also bought it, again giving the money to Joe who handed it to appellant. Some beer was also purchased by some of the parties on this same trip.

Bills of exception one, two, three and four complain because the state permitted to show the purchase of the banana whiskey and the beer, on the ground that they were separate transactions from the alleged sale of the peppermint whiskey. The court qualified the bills with the statement that evidence of these other sales was admitted on the second count of the indictment, and because it was res gestae. All of the sales occurred during one visit and in a sense it was a continuous transaction. There can be no doubt as to the admissibility of the evidence complained of under the second count of the indictment. When the court submitted only the first count appellant should have requested the withdrawal of all such evidence as might have been pertinent to the second count only, and should have asked that the state be required to elect as between the sales.

No merit is discovered in appellant's exception to the instructions given the jury, and the special charge requested appears to have been upon an issue not raised by the evidence.

The judgment is affirmed.

*Affirmed.*